UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAH'WUAN D. NELSON,

     Plaintiff,

vs.

CREDIT ACCEPTANCE
CORPORATION,

     Defendant.

Case No. 3:25-cv-180

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY THIS CASE (Doc. No. 9); (2) STAYING THIS CASE PENDING ARBITRATION; (3) REQUIRING THE PARTIES TO FILE JOINT STATUS REPORTS EVERY NINETY (90) DAYS AND WITHIN SEVEN (7) DAYS OF THE ARBITRATION'S CONCLUSION; (4) DIRECTING THE CLERK OF COURT TO ADMINISTRATIVELY CLOSE THIS CASE; (5) ADVISING PLAINTIFF THAT, IF HE DESIRES TO CONTINUE WITH THIS CASE AFTER ARBITRATION, HE MUST REQUEST THE STAY TO BE LIFTED WITHIN THIRTY (30) DAYS OF THE ARBITRATION'S CONCLUSION; AND (6) CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND FINDING THAT PLAINTIFF SHOULD BE DENIED LEAVE TO APPEAL *IN FORMA PAUPERIS***

---

Plaintiff Jah'Wuan D. Nelson brings this civil case *pro se* under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, against Defendant Credit Acceptance Corporation ("Credit Acceptance").[1] Plaintiff's complaint further alleges violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, against Defendants as well as a breach of contract claim and a "willful misreporting" claim.[2] This case is before the Court upon Credit Acceptance's motion to compel arbitration and stay the proceedings. Doc. No. 9. Plaintiff has responded in opposition. Doc. No.

---

[1] The Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006).

[2] Plaintiff does not cite to any statutory or case law authority for this claim.

10. Credit Acceptance replied (Doc. No. 11), and Plaintiff sur-replied[3] (Doc. No. 12-1). Thus, the motion is ripe for review.

In moving to compel arbitration and stay these proceedings, Credit Acceptance points to the following arbitration clause as governing this dispute.:

> **ARBITRATION**: The Contract contains an Arbitration Clause that states You and We may elect to resolve any dispute by arbitration and not by court action. See the Arbitration Clause on Page 5 of this Contract for the full terms and conditions of the agreement to arbitrate. By initialing below, you confirm that you have read, understand and agree to the terms and conditions in the Arbitration Clause.

Doc. No. 9 at PageID 125-26; *see* Doc. No. 9-2 at PageID 138. Credit Acceptance also presents a copy of the retail installment contract Plaintiff executed that contained the arbitration clause at issue. Doc. No. 9-2 at PageID 138, 142.

Plaintiff does not offer any argument in opposition to Credit Acceptance's assertion that the arbitration clause governs this dispute. *See* Doc. Nos. 10, 12-1. Instead, Plaintiff opposes Credit Acceptance's motion on the grounds that the arbitration clause is unenforceable because it is procedurally and substantively unconscionable. Doc. No. 10 at PageID 145-46. However, Plaintiff fails to provide evidence to establish that the arbitration agreement is unconscionable. *See* Doc. Nos. 10, 12-1.

After due consideration of the record and the briefings of the parties, and for good cause shown, the Court **GRANTS** Credit Acceptance's motion to compel arbitration and stay the proceedings. *See Albert M. Higley Co. v. N/S Corp.*, 445 F.3d 861, 863 (6th Cir. 2006) (Courts "examine[] arbitration language in a contract in light of the strong federal policy in favor of arbitration, resolving any doubts as to the parties' intentions in favor of arbitration"). Therefore,

---

[3] The Court previously granted Plaintiff's motion for leave to file a sur-reply in opposition to Credit Acceptance's motion to compel arbitration and stay this case. Doc. No. 13.

the parties are hereby **ORDERED** to participate in arbitration in accordance with the terms of the executed arbitration clause.  Doc. No. 9-2.  Further proceedings in this case are **STAYED** pending the results of the arbitration.  The parties are **ORDERED** to keep the Court appraised of any updates to the case by filing joint status reports every **ninety (90) days** and also within **seven (7) days** of the arbitration's conclusion.  The Court also **DIRECTS** the Clerk of Court to administratively close this case.[4]  Plaintiff is **ADVISED** that, if he desires to continue with this case after arbitration, he must request the stay to be lifted within **thirty (30) days** of the arbitration's conclusion.

Finally, no appeal is presently available in this case because this Order is not a final appealable order.  *See* 28 U.S.C. § 1291; *cf. Sultaana v. Jerman*, No. 1:15-cv-382, 2020 WL 13889761, at *5 (N.D. Ohio Jan. 7, 2020) (quoting *Cleaver v. Elias*, 852 F.2d 266, 267 (7th Cir. 1988) ("An appeal is possible in the absence of [a Rule 58 final judgment] only if the district court has clearly disposed of all pending matters")).  Because of this and for the reasons set forth herein, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith, and consequently, **DENIES** Plaintiff leave to appeal this Order *in forma pauperis*.

**IT IS SO ORDERED.**

March 4, 2026                                          s/*Michael J. Newman*
                                                      Hon. Michael J. Newman
                                                      United States District Judge

---

[4] This administrative closing of the case is for statistical purposes only and does not affect Plaintiff's right to request that the stay be lifted as directed above.

3